UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JORGE MANUEL ARGUELLES-BRISENO,<br><br>             Petitioner/Defendant,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | Case No. 4:10-cv-00371-BLW<br>             4:08-cr-00220-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Jorge Manuel Arguelles-Briseno. Petitioner also moved to amend his petition (Dkt. 27). The Government opposes both, and moves to dismiss the petition (Dkt. 20). Petitioner has filed a Supplement (Dkt. 5), Reply (Dkt. 24), and Response (Dkt. 33) to the Government's Motion. Being familiar with the record and having considered the briefing, the Court will grant Petitioner's Motion to Amend, but grant the Government's Motion dismissing the Amended Petition as discussed below.

## BACKGROUND

Petitioner was charged with counts one, two, and three in criminal case no. 08-cr-00220, involving four co-defendants. Those counts charged conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

MEMORANDUM DECISION AND ORDER - 1

(b)(1)(A), and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.  *Second Superseding Indictment*, Dkt. 68 in criminal case.[1]  Petitioner pleaded guilty pursuant to a written plea agreement (Dkt. 96), in which the Government agreed to dismiss the conspiracy charge and one of two possession charges.  On February 9, 2010, Petitioner was sentenced to a 135 month term of incarceration.  *Judgment*, Dkt. 136.  Petitioner timely appealed.  *Notice*, Dkt. 140.  But the Ninth Circuit dismissed Petitioner's appeal, finding he had knowingly and voluntarily waived his appeal rights.  *Order*, Dkt. 193.

In Petitioner's motion under 28 U.S.C. § 2255, he alleges ineffective assistance of trial counsel, claiming that (1) counsel threatened him into accepting his plea agreement; (2) counsel conducted no pretrial discovery; and (3) counsel did not represent him at sentencing.  Petitioner also argues he is entitled to appeal his sentence, despite his written waiver of appeal rights, because the court allegedly exceeded the sentencing guideline range.

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a).  Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States"; (2) whether the court was

---

[1] Throughout the Background section only, citations to the Court Docket shall refer to entries in petitioner's criminal case no. 08-cr-00220, unless otherwise identified.

without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law"; or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

Where a motion under § 2255 is based on alleged constitutional or jurisdictional error, one must be careful to distinguish mere errors of law or fact. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982). If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003)(quotation omitted). To withstand summary dismissal, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

As discussed below, even if the Court were to accept all of Petitioner's allegations as true, he still fails to raise allegations sufficient to warrant a hearing. Thus, the Court will consider the matter based on the record and pleadings before it.

**1.    Ineffective Assistance of Counsel**

A claim of ineffective assistance of trial counsel need not be raised on direct appeal to preserve the issue for collateral attack. *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011) (citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)). To prove ineffective assistance of counsel, a petitioner has the burden of showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984).

In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). The question is not "what the best lawyers would have done," but whether a reasonable lawyer in counsel's circumstances would have acted similarly. *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). To earn the right to a hearing, a movant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *Keller*, 902 F.2d at 1395.

### A.     Advice To Accept Plea

Petitioner first argues that his trial counsel, Steven Boyce, "threatened" that if he did not accept the plea, he would be incarcerated for life. In an affidavit to the Court, Mr. Boyce denies that he made such a threat. *Counsel Aff.*, Dkt. 19-1. However, even if the Court were to accept Petitioner's allegation as true, it is insufficient to support an ineffective assistance of counsel claim.

The Court first considers whether Petitioner's plea was knowing and voluntary. In *McCarthy v. U.S.*, cited by Petitioner, the Supreme Court addressed whether a district judge properly assumed that defendant understood the nature and consequences of his plea. 394 U.S. 459, 464 (1969). However, in that case, the court made no inquiry of defendant about his understanding. In contrast here, the transcript of Petitioner's plea shows that Judge Bush asked whether Petitioner understood the maximum penalties he potentially faced, and the nature of the charges against him, after the U.S. Attorney read the charges aloud. *Plea Trans.*, Dkt. 19-2 at 10-14. At no point did Petitioner indicate that he did not understand the charges or penalties, and he acknowledged, in his own words, that he engaged in the crimes charged. *Id.*

Notably, when asked if he was satisfied with Mr. Boyce's representation, Petitioner answered: "Yes. He's a good lawyer." *Id.* at 8. And after Judge Bush asked if anyone threatened Petitioner to get him to plead guilty, Petitioner responded, "No." *Id.* at 15.

Given the careful and thorough colloquy between Judge Bush and Petitioner, including Petitioner's statements in his own words, the Court is satisfied that Petitioner's plea was knowing and voluntary. More specifically, the Court is satisfied that he understood the nature of the charges against him, the actual penalties that he faced, and the consequences of his guilty plea.

Further, Petitioner has not alleged that he would have been found not guilty, or received a lesser sentence, had he proceeded to trial. Absent allegation to the contrary, the record supports that ample evidence supported the charges against Petitioner. The conpsiracy and possession charges against Petitioner that were dismissed by virtue of his plea agreement, carried maximum penalties of life in prison. 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Thus, had he proceeded to trial, Petitioner in fact faced the possibility of life in prison.

Given these considerations, even if counsel "threatened" Petitioner that he faced incarceration for life if he did not accept the plea, Petitioner has not established the second prong of *Strickland* – prejudice. The record tends to support that counsel's warning, while seemingly harsh, informed Petitioner of the reality of his situation. Petitioner has offered no basis for a finding that he is in a worse position having pleaded guilty, as advised by counsel. Accordingly, the Court rejects Petitioner's first argument.

### B.   Pre-Trial Discovery and Sentencing

Petitioner next argues that his counsel failed to conduct pre-trial discovery. In support, Petitioner points to grand jury testimony by Detective Javier Bustos. *Am.*

*Petition*, Dkt. 27-2.  According to Petitioner, Detective Bustos's testimony supports that Petitioner did not have a leadership role in the criminal conspiracy.  Petitioner argues that counsel performed deficiently by failing to investigate and pursue Detective Bustos as a defense witness.  As noted above, the record establishes that Petitioner knowingly and voluntarily entered into his plea agreement.  Thus, the depth of counsel's pre-trial investigation is not at issue.  Rather, the question is whether counsel was deficient in failing to defend Petitioner's limited role in the conspiracy at sentencing.

In answering this question, the Court need not accept as true Petitioner's conclusory allegation that counsel failed to conduct an investigation into Petitioner's role.  *Johnson*, 988 F.2d at 945.  Looking at the record, the transcript from sentencing reveals that counsel in fact argued that his client was not an organizer or initiator of the offense.  *Sent. Trans.*, Dkt. 19-4.  Counsel's statement to the Court indicates that he spent 21 hours reviewing records and discovery, and "considered all possible defenses and . . . further investigation" necessary for his client's defense.  *Counsel Aff.*, Dkt. 19-1.  There is simply no evidence to support a finding that counsel performed deficiently at Petitioner's sentencing.  The Court will therefore reject Petitioner's second and third arguments.

**2.     Sentencing Guideline Range**

Petitioner's final argument is that his sentence exceeded his sentencing guideline range, thus under the terms of his plea agreement, he should be permitted to appeal.  Petitioner is correct that his plea agreement permitted an appeal in limited circumstances, which included where this Court imposed a sentence that exceeded the sentencing

guideline range determined by the Court. But, as the Ninth Circuit already found, Petitioner is not entitled to appeal; no exception to his waiver of appeal rights is applicable.

Petitioner, and Petitioner's counsel argued that he did not have a leadership role in the crimes for which he pleaded guilty.  However, the Court disagreed; the guideline range determined by the Court was 135 – 168 months, not the 108 – 135 months suggested by Petitioner.  *Sent. Trans.*, Dkt. 19-4 at 7; *Pet. Suppl.*, Dkt. 5 at 2.  Even so, the Court sentenced Petitioner to 135 months in prison, which falls within either guideline range.   In light of these facts, the Court finds no basis to alter the sentence imposed.  For all of the foregoing reasons, the petition will be denied.

## ORDER

**IT IS ORDERED THAT:**

1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED.

2. Petitioner's Motion to Amend (Dkt. 27) is GRANTED.  The Court, having considered the supplemental arguments, the Amended Petition (Dkt. 27-2) is DENIED.

3. The Government's Motion to Dismiss (Dkt. 20) is GRANTED.

4. Judgment to be entered separately.



DATED: November 20, 2012

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 9**